UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA,

ATLANTA DIVISION

| | |
|---|---|
| SHERRY ASBERRY, ) | |
| ) | |
| ) | CIVIL ACTION FILE |
| Plaintiff, ) | |
| ) | NO. _____ |
| v. ) | |
| ) | |
| ) | |
| WELLSTAR HEALTH SYSTEM, INC., ) | |
| and XYZ CORP., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff Sherry Asberry, by and through her undersigned counsel of record, and hereby amends her *Complaint for Damages and Demand for Jury Trial* against WellStar Health System, Inc. and XYZ Corp. (hereinafter collectively "Defendants") and respectfully shows the Court as follows:

**PARTIES AND JURISDICTION**

1.

Defendant XYZ Corp. is a fictitious name; Plaintiff reserves the right to amend this Complaint as a result of pleading such fictitious parties. It should be noted, Defendant XYZ Corp. is an entity that may have been an employer of, contractor of, or were otherwise vicariously liable for the actions of Wonda Hubert at the time and place of the subject incident.

1

The identities of the fictitious entities are as yet unknown or not necessarily germane to the allegations alleged in this Complaint.

2.

Defendant WellStar Health System, Inc. is a Georgia corporation with its principal place of business in Marietta, Georgia. Defendant WellStar Health System, Inc. may be served through its registered agent: Leo Reichert, 793 Sawyer Road, Marietta, Georgia 30062.

3.

Plaintiff is a resident and citizen of the Commonwealth of Kentucky.

4.

Venue is proper in this Court and this Court has personal jurisdiction over the Defendants based on diversity citizenship under 28 U.S.C. § 1332, *et al.*

## STATEMENT OF FACTS

5.

Plaintiff realleges and incorporates by reference the foregoing portions of the Complaint as if set forth fully herein.

6.

On May 10, 2013, Plaintiff Sherry Asberry ("Ms. Asberry") was operating her vehicle in the far right lane of travel, heading North on Atlanta Road near its intersection with Vinings Parkway in Cobb County, Georgia.

7.

Wonda Hubert was operating her vehicle in the same lane immediately behind Ms. Asberry, when Hubert violently collided with the rear of Ms. Asberry's vehicle.

8.

As a result of the impact, Ms. Asberry's vehicle was pushed forward and seriously damaged by a crushing impact.

11.

At all relevant times, Wonda Hubert was operating her vehicle as an agent and/or employee of WellStar Health System (hereinafter, "WellStar") and/or XYZ Corp., including at the time of the subject collision.

## COUNT ONE
## NEGLIGENCE OF WONDA HUBERT

12.

Plaintiff realleges and incorporates by reference the foregoing portions of the Complaint as if set forth fully herein.

13.

At all relevant times, Defendants and their agents/employees owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendants and their agents/employees did violate them in the following particulars at least:

a. Failing to make reasonable and proper observations while driving her vehicle; or, if reasonable and proper observations were made, failing to act thereon, in violation of O.C.G.A. § 40-6-71;

b. Failing to maintain a safe distance ("Following Too Closely") O.C.G.A. § 40-6-49;

c. Failing to observe or undertake the necessary precautions to keep his vehicle from striking another vehicle in violation of O.C.G.A. § 40-6-390;

    d.    Failing to drive her vehicle with due caution and circumspection and in a manner so as to endanger the persons and property of others in the immediate area, in violation of O.C.G.A. § 40-6-241;

    e.    Failing to exercise due care while operating a vehicle while distracted in violation of O.C.G.A. § 40-6-241;

    f.    Failing to keep a proper lookout for traffic presenting a hazard in violation of O.C.G.A. § 40-6-71; and

    g.    In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

14.

The violation of the aforementioned duties of care constitute negligence and *negligence per se*.

15.

Defendants' negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

16.

As a direct and proximate result of the breaches of duty by Defendants, Plaintiff (suffered injuries and damages, including severe and permanent physical injuries, medical and other necessary expenses, and mental and physical pain and suffering. These injuries are permanent, and, in the future, Plaintiff will suffer permanent physical impairment, medical and other necessary expenses, lost income, and mental and physical pain and suffering.

17.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from

Defendants in an amount to be proven at trial.

## COUNT TWO
## NEGLIGENCE OF DEFENDANTS WELLSTAR AND XYZ CORP.

18.

Plaintiff realleges and incorporates by reference the foregoing portions of the Complaint as if set forth fully herein.

19.

At all times relevant to this action, Wonda Hubert was an actual and/or apparent agent of Defendants WellStar and XYZ Corp. and was acting within the course and scope of her employment with Defendants WellStar and XYZ Corp.  Defendants WellStar and XYZ Corp. are liable to Plaintiff for the injuries caused by the negligent actions of Wonda Hubert by virtue of the doctrine of *respondeat superior*.

20.

Defendants WellStar and XYZ Corp. are also liable to Plaintiff for its negligent supervision, retention, and/or hiring of Wonda Hubert which lead directly to Plaintiff's injuries and damages.

## COUNT THREE
## ATTORNEYS' FEES – O.C.G.A. § 13-6-11

21.

Plaintiff realleges and incorporates by reference the foregoing portions of the Complaint as if set forth fully herein.

22.

Plaintiff is entitled to a judgment for attorneys' fees by virtue of the fact that Defendant

has acted in bad faith, been stubbornly litigious, or has caused the Plaintiff(s) unnecessary trouble and expense.

23.

This action is a renewal of an original action filed within the applicable statute of limitations.

**WHEREFORE**, the Plaintiff(s) prays as follows:

1. That process issue and that the Defendants be served according to law;
2. That Plaintiff have a verdict and judgment against the Defendants to compensate her for special damages, including, but not limited to medical expenses, and for general damages, including, but not limited to, physical/mental pain and suffering and punitive damages;
3. That Plaintiff(s) have a trial by a jury of twelve;
4. That all costs be cast against the Defendants; and
5. That the Plaintiff have such other and further relief as the Court deems just and proper.

Respectfully submitted,

This 1st day of May, 2018.

*/s/ Ryan T. Strickland*
RYAN T. STRICKLAND
GEORGIA BAR NO. 687904
FOR THE FIRM
*ATTORNEY FOR PLAINTIFF*

**THE STRICKLAND FIRM,** L.L.C.
222 CHEROKEE STREET
MARIETTA, GEORGIA 30060
PHONE: (770) 420-9900

FACSIMILE: (770) 545-6353
EMAIL: RYAN@THESTRICKLANDFIRM.COM